**IN THE UNITED STATES DISTRICT COURT**
**THE WESTERN DISTRICT OF TEXAS**
**Austin Division**

| | |
|---|---|
| ACCOR MANAGEMENT US INC.<br>f/k/a Fairmont Hotels & Resorts (U.S.) Inc.<br>137 National Plaza, Suite 300, Unit 306<br>National Harbor, MD 20745 | )<br>)<br>)<br>)   **No. 21-655¶** |
| ACCOR Hotels & Resorts (Maryland) LLC<br>f/k/a Fairmont Hotels & Resorts (Maryland)<br>LLC137 National Plaza, Suite 300, Unit 306,<br>National Harbor, MD 20745 | )<br>)<br>)   **CIVIL COMPLAINT FOR**<br>)   **DECLARATORY AND INJUNCTIVE**<br>)   **RELIEF AND REVIEW OF AGENCY** |
| GRAEME ANDREW LITTLE<br>7613 Groundhog Way<br>Austin, TX 78744 | )   **ACTION UNDER THE**<br>)   **ADMINISTRATIVE PROCEDURE ACT**<br>)<br>)<br>)   **Immigration Case, Administrative** |
| Plaintiffs, | )   **Procedure Act Case**<br>)   **No Request for Jury Trial**<br>) |
| v. | )<br>) |
| Kirt THOMPSON, in his Official Capacity,<br>Director of the Texas Service Center,<br>U.S. Citizenship and Immigration Services,<br>U.S. Department of Homeland Security; | )<br>)<br>)<br>) |
| Tracy RENAUD, in her Official Capacity,<br>Acting Director, U.S. Citizenship and<br>Immigration Services, U.S. Department of<br>Homeland Security; | )<br>)<br>)<br>)<br>) |
| Alejandro N. MAYORKAS, in his Official<br>Capacity, Secretary, U.S. Department of<br>Homeland Security; | )<br>)<br>)<br>) |
| UNITED STATES CITIZENSHIP AND<br>IMMIGRATION SERVICES, Office of the<br>Chief Counsel, 20 Massachusetts Ave. NW,<br>Room 4210, Washington, D.C. 20529; | )<br>)<br>)<br>) |

UNITED STATES DEPARTMENT OF            **)**
HOMELAND SECURITY, Office of the       **)**
General Counsel,                       **)**
2707 Martin Luther King Jr. Avenue SE, **)**
Mail Stop 0485,                        **)**
Washington, DC 20528-0485              **)**
                                       **)**
            Defendants.                **)**

## I.      INTRODUCTION

1.      Plaintiffs bring this action pursuant to Section 10b of the Administrative

Procedure Act, 5 U.S.C. §702, *et seq.* seeking to hold unlawful and set aside the January 26,

2021 decision of United States Citizenship and Immigration Services (USCIS) and the Director

of the USCIS Texas Service Center, denying the Form I-129 Petition for a Nonimmigrant

Worker, otherwise known as an L-1A petition, that Plaintiff, Accor Management US Inc., f/k/a

Fairmont Hotels & Resorts (U.S.) Inc., filed on behalf of Plaintiff Graeme Andrew Little.  In the

decision to deny the Form I-129 Petition, USCIS and the Director arbitrarily reversed a

determination of U.S. Customs and Border Protection in 2017 that Plaintiff Mr. Little qualified

as a "manager" in his prior managerial position at the Fairmont Royal York hotel in Toronto,

Ontario, Canada, and they further determined that he did not qualify as a "manager" in his most

recent position at the Fairmont Austin hotel in Austin, Texas. Plaintiffs have been caused

irreparable harm in that the Fairmont Austin hotel has been deprived of Mr. Little's services, and

Mr. Little and his family are deprived of an income. Because the agency actions were arbitrary

and capricious, without legal or factual basis, and because they have caused and will continue to

cause irreparable harm to Plaintiffs, Plaintiffs are entitled to equitable relief from this Court.

2.      Because Plaintiffs are highly likely to succeed on the merits, but now face

irreparable harm due to the denial of the L-1A petition, they are entitled to temporary and

preliminary injunctive relief.

3.      This action asks the Court to hold unlawful and set aside the denial of the

extension of L-1A status requested on behalf of Mr. Little. This action further asks the Court to

issue a temporary restraining order and preliminary injunction reverting to the *status quo* and

postponing the effectiveness of the above denial to prevent irreparable harm to the Plaintiffs.

## II.    PLAINTIFFS

4.    Plaintiff Accor Management US Inc. (f/k/a Fairmont Hotels & Resorts (U.S.)

Inc.) (**"Accor"**), a Delaware corporation, is a luxury hotel management company with its

principal office in the State of Maryland.  Plaintiff Accor and its affiliates operate a collection of

120 distinctive city hotels, resorts and residences with over 37,000 rooms and approximately

8,000 employees throughout North and Central America, including the Fairmont Austin in

Austin, Texas and the Fairmont Royal York Hotel in Toronto, Ontario, Canada.  Plaintiff Accor

is the sole member of Plaintiff Accor Hotels & Resorts (Maryland) LLC (f/k/a Fairmont Hotels

& Resorts (Maryland) LLC).

5.    Plaintiff Accor Hotels & Resorts (Maryland) LLC, (f/k/a Fairmont Hotels &

Resorts (Maryland) LLC) (**"Accor (Maryland)"**), is organized in the State of Maryland.  It

controls the management operations of the Fairmont Austin hotel and is the "Operator" of the

Fairmont Austin hotel under a May 24, 2012 Hotel Management Agreement (HMA) between

Fairmont Hotels & Resorts (Maryland) LLC and Manchester Texas Financial Group, LLC.

Under an Assignment and Assumption Agreement dated October 24, 2014, Manchester Texas

Financial Group, LLC sold and assigned its interest in the HMA to Manchester Austin LLC,

d/b/a Manchester Austin Hotel LLC (**"Manchester"**), and Manchester agreed to acquire the

Assignor's interest in the HMA and liabilities arising after that date.

6.    Plaintiff Graeme Andrew Little is a citizen of Canada who was lawfully employed

at the Fairmont Austin hotel pursuant to an L-1A petition approved by U.S. Customs and Border

Protection for the period July 13, 2017 to July 11, 2020, and during the time thereafter when his L-1A extension petition was pending with USCIS.

## III.    DEFENDANTS

7.      Defendant U.S. Citizenship and Immigration Services (**USCIS**) is an agency of the Department of Homeland Security and is responsible for overseeing the adjudication of immigration benefits.

8.      Defendant U.S. Department of Homeland Security (**DHS**) is a cabinet department of the U.S. federal government responsible immigration-related services, enforcement, and investigations.  DHS oversees USCIS and its implementation of federal law and policy with respect to immigration benefit applications.

9.      Defendant Kirt Thompson is the Director of the USCIS Texas Service Center, which issued the denial decision at issue in this case.  Defendant Thompson is sued in his official capacity.

10.      Defendant Tracy Renaud is Acting Director of U.S. Citizenship and Immigration Services.  She is responsible for USCIS' policies, practices, and procedures, and she oversees the USCIS officer responsible for making the decisions at issue in this case.  Defendant Renaud is sued in her official capacity.

11.      Defendant Alejandro N. Mayorkas is the Secretary of DHS, the department encompassing USCIS which is responsible for administration and enforcement of the immigration and nationality laws of the United States.  Defendant Majorkas is sued in his official capacity.

## IV.   JURISDICTION

12.     This case arises under the Immigration and Nationality Act (INA) §101, 8 U.S. C. §1101, *et seq*., and the Administrative Procedure Act, 5 U.S.C. §701, *et seq*.  This Court has jurisdiction pursuant to 28 U.S. C. §1331 as a civil action arising under the laws of the United States.  This Court also has the authority to grant declaratory relief under 28 U.S.C. §§2201-02, and injunctive relief under 5 U.S.C. §702, and 28 U.S.C. §§1361-62.  The United States has waived sovereign immunity under 5 U.S.C. §702.

13.     USCIS' decision to deny Plaintiffs' immigration petition is a final agency decision ripe for judicial review, and Plaintiffs need not have sought an appeal before USCIS' Administrative Appeals Office (AAO) before invoking the jurisdiction of this Court.  See e.g., *Darby v. Cisneros*, 113 S. Ct. 2539, 2542-45, 125 L. Ed. 2d 113, U.S. L.W. 4679 (1993); see also *United States v. Menendez*, 48 F.3d 1401 (5th Cir. 1995) and *AAA Bonding Agency Inc. v. USDHS*, 447 F.App'x 603, 612 (5th Cir. 2011).

## V.   STANDING

14.     Plaintiff Accor has standing to bring this action as the Petitioner of the L-1A petition that USCIS and the Director of the USCIS Texas Service Center erroneously denied. 5 U.S. C. §702.

15.     Plaintiff Accor (Maryland) has standing to bring this action as the Operator and managing agent of the Fairmont Austin hotel under the May 24, 2012 Hotel Management Agreement with Manchester, under which Plaintiff Accor (Maryland) has the exclusive right (subject to certain rights of the Owner of the hotel) to make decisions regarding the employment of the Fairmont Austin hotel staff including Mr. Little.

16.     Mr. Little has standing and a legally protected interest as the beneficiary of the L-1A petition who has suffered legal wrong because of agency actions.  5 U.S.C. §702.

## VI.     VENUE

17.     Pursuant to 28 U.S.C. 1391(e) and 5 U.S.C. §703, venue is properly with this Court because (1) this is a civil action in which the Defendants are employees or officers of the United States, acting in their official capacity, and an agency of the United States; (2) Mr. Little resides in Austin, Texas; (3) A substantial part of the events or omissions giving rise to the claim occurred in the Western District of Texas; and (4) there is no real property involved in this action.

## VII.     LEGAL BACKGROUND

18.     In 1970, Congress created the L nonimmigrant visa classification for multinational firms to "eliminate problems . . . faced by American companies having offices abroad in transferring key personnel freely within the organization."  See generally H.R. Rep. No. 91-851, §1(b), at 5 (1970), as reprinted in 1970 U.S.C.C.A.N. 2750, 2754.

19.     The L-1 classification allows a U.S. entity to transfer a foreign national employee from a related entity abroad to work temporarily for the U.S. entity in a managerial or executive capacity (L-1A) or specialized knowledge capacity (L-1B).  INA §101(a)(15)(L); 8 U.S.C. §1101(a)(15)(L).  The L-1 beneficiary is referred to as an "intracompany transferee."  The foreign national employee must have worked for the related foreign entity for at least one year continuously in the three years preceding the time of his or her application for admission into the United States.  *Id*.  The agency promulgated regulations to implement the statutory provisions in 8 C.F.R. §214.2(l).  L-1 status may be extended by filing a new Form I-129.   8 C.F.R. §214.2(l)(14)(i) or 8 C.F.R. §214.2(l)(15)(i).

20.     The statute defines "managerial capacity" as follows:

(A)  The term "managerial capacity" means an assignment within an organization in

which the employee primarily—

> (i)     manages the organization, or a department, subdivision, function, or
> component of the organization;
>
> (ii)     supervises and controls the work of other supervisory, professional, or
> managerial employees, or manages an essential function within the organization,
> or a department or subdivision of the organization;
>
> (iii)     if another employee or other employees are directly supervised, has the
> authority to hire and fire or recommend those as well as other personnel actions
> (such as promotion and leave authorization) or, if no other employee is directly
> supervised, functions at a senior level within the organizational hierarchy or with
> respect to the function managed; and
>
> (iv)     exercises discretion over the day-to-day operations of the activity or
> function for which the employee has authority.

INA §101(a)(44)(A); 8 U.S.C. §1101(a)(44)(A).

21.     In practice, L-1A managers are referred to as "traditional managers" or

"functional managers."   "Traditional managers" like Mr. Little supervise and control the work of

other supervisory, professional, or managerial employees and have the authority to hire and fire

or recommend those as well as other personnel actions (such as promotion and leave

authorization) for the employees they directly supervise.

22.     The proper standard of proof for the adjudication of L-1A petitions, such as the

one filed by Plaintiff Accor on behalf of Mr. Little, is the "preponderance of evidence" standard.

This standard was initially decided in the *Matter of Chawathe* (AAO Jan. 11, 2006), which was

subsequently designated as an "adopted decision" of USCIS on October 20, 2010 as 25 I&N

Dec. 369 (AAO 2010).  **Exhibit A**.  That decision holds in pertinent part as follows: The

"preponderance of the evidence" standard requires that the evidence demonstrate that the

applicant's claim is "probably true," where the determination of "truth" is made based on the factual circumstances of each individual case.  *Matter of  E-M-,* 20 I&N Dec. 77, 79-80.  Even if the director has some doubt as to the truth, if the petitioner submits relevant, probative, and credible evidence that leads the director to believe that the claim is "more likely than not" or "probably" true, the applicant or petitioner has satisfied the standard of proof.  See *INS v. Cardoza-Fonseca*, 480 U.S. 421, 431 (1987) (discussing "more likely than not" as a greater than 50% chance of an occurrence taking place).

## VIII.   FACTUAL BACKGROUND

23.      On July 13, 2017, Plaintiff Graeme Andrew Little presented the I-129S petition of Fairmont Hotels & Resorts (U.S.) Inc., n/k/a Accor Management US Inc., to U.S. Customs and Border Protection (USCBP) in Toronto, Canada requesting that he be admitted to the United States in an L-1A nonimmigrant classification, pursuant to the approved L-1 Blanket Certification of Fairmont Hotels & Resorts (U.S.) Inc. (at that time EAC-17-157-52267). USCBP approved the I-129S petition, thereby qualifying Mr. Little as an intracompany transferee "manager" and admitted him to the U.S. in an L-1 classification, as evidenced by the stamp in his passport, thereby enabling him to be employed at the Fairmont Austin hotel in Austin, Texas in the managerial position of Senior Banquet Chef for the period July 13, 2017 through July 11, 2020.  USCIS subsequently issued an Approval Notice for the I-129S petition. **Exhibit B**.

24.      In July 2017, Mr. Little had over seven years of culinary management experience with various Fairmont hotels, and he qualified as an intracompany transferee eligible for the L-1A classification in 2017 because he had served for more than one year (from May 2016 to

July 2017) in the managerial position of Restaurant Chef at Fairmont Royal York hotel in

Toronto, Ontario, Canada.

   25. In May 2019, approximately 22 months after his transfer to the Fairmont Austin

hotel, Mr. Little was promoted to a more senior managerial position as Executive Sous Chef,

Banquets at the hotel.

   26. On June 10, 2020, Plaintiff Accor filed an I-129 petition requesting a two-year

extension of Mr. Little's L-1A status to July 11, 2022.  Copies of the I-129 petition and

supporting documents in their entirety and the USCIS Receipt Notice for the I-129 (SRC-20-

225-50653) are attached as **Exhibit C**.

   27. On August 10, 2020, USCIS issued a Request for Evidence ("RFE") requesting

Plaintiff Accor to provide additional information and documents to prove that Mr. Little's

foreign position was primarily managerial, executive, or involved specialized knowledge and

that his position in the United States was primarily in a managerial or executive capacity.

**Exhibit D**.

   28. On November 4, 2020, Plaintiff Accor responded to the RFE with all of the

information and documents requested.  A copy of the RFE response in its entirety is attached as

**Exhibit E**.  The documentation totaled 236 pages and consisted of copies of the following:

organizational charts for the Culinary Department and EPIC Restaurant and Lounge at the

Fairmont Royal York hotel as of 2017; a letter from the Regional Director, Talent and Culture

for the Fairmont Royal York confirming Mr. Little's Restaurant Chef position abroad and

incorporating an expanded job description; a list of employees reporting to Mr. Little in that

position, their job titles, education (if known), hourly wages, and summaries of their job duties;

representative Colleague Performance Reviews and Counseling forms; an organizational chart

for the Fairmont Austin hotel Banquet Culinary Department and Staff Cafeteria, with the names

and job titles of employees reporting to Mr. Little; a letter from the General Manager of the

Fairmont Austin confirming Mr. Little's employment starting in July 2017 and incorporating an

expanded job description for the Executive Sous Chef, Banquets position; a list of names, titles,

salaries, education (if known), and summaries of job duties of the employees reporting to Mr.

Little at the Fairmont Austin; representative examples of Performance Feedback & Evaluations,

Performance Reviews, and Discussion Forms demonstrating the exercise of Mr. Little's

personnel authority; the Fairmont Austin's State Quarterly Wage Report to the State of Texas for

the 2nd quarter of 2020; 2019 W-2 Management Reports for Fairmont Austin employees

reporting to Mr. Little; and representative offer letters.

   29.  The Regional Director, Talent and Culture, of the Fairmont Royal York in

Toronto, Canada confirmed in a letter that in the managerial position of Restaurant Chef of the

Epic Restaurant and Lounge at the Fairmont Royal York hotel, from May 2016 to July 2017, Mr.

Little was primarily responsible for performing managerial duties that are described in detail in a

2-1/2 page job description with percentages of time assigned to each individual duty, which was

enclosed with the letter.  Mr. Little supervised and controlled the work of 14 department

employees, consisting of two managerial employees (two Sous Chefs), and three supervisory

employees (two Chefs de Partie and a Senior Chef de Partie).  The two Sous Chefs supervised

two Chefs de Partie, who in turn supervised four First and Second Cooks.  The two Sous Chefs

also supervised a Senior Chef de Partie, who in turn supervised a Chef de Partie and four First

and Second Cooks.  In Mr. Little's position as Restaurant Chef of the Epic Restaurant and

Lounge at the Fairmont Royal York, the two managers and three supervisors relieved Mr. Little

of non-managerial duties.  Mr. Little had authority to take personnel actions, and in some cases

to recommend personnel actions, with respect to all 14 employees, and he exercised discretion in his management and oversight over all day-to-day culinary operations for the Epic Restaurant and Lounge.  **Exhibit E**, **pages 30 - 35.**

30.     The General Manager of the Fairmont Austin hotel confirmed in a letter that in the managerial position of Executive Sous Chef, Banquets for the Fairmont Austin hotel, starting in May 2019, Mr. Little was primarily responsible for managing, directing, and overseeing all culinary banquet operations for the hotel and overseeing and managing food service in the hotel's Gold Lounge and the Colleague Dining Room.  Mr. Little's managerial duties are described in detail in a more than two-page job description with percentages of time assigned to each individual duty, which was enclosed with the letter.  He supervised and controlled the work of 20 employees.  These included two Senior Banquet Chefs who were managers and supervised the Banquet Sous Chef, also a manager, who in turn supervised two Banquet Chefs de Partie and 10 Commis (Cooks).  Mr. Little also supervised two Staff Cafeteria Chefs de Partie, who in turn supervised three Commis (Cooks).  The managers and supervisor reporting to Mr. Little relieved him of non-managerial duties.  He had authority to take personnel actions, and in some cases to recommend personnel actions, with respect to all 20 employees, and he exercised discretion in his management and oversight over all day-to-day banquet and Staff Cafeteria operations for the Fairmont Austin.  **Exhibit E**, **pages 113 - 118.**

31.     The RFE response included seven "Performance Feedback & Evaluation" reports from Fairmont Austin, which were completed by Mr. Little for employees reporting directly to him, demonstrating Mr. Little's involvement in personnel actions over his department subordinates. **Exhibit E**, **pages 123 - 175**.

32.     USCIS, acting through the Director of the USCIS Texas Service Center, denied the L-1A petition on January 26, 2021, on the grounds that the petitioner did not establish that beneficiary, Mr. Little, was employed abroad in a position that was managerial, and that he would be employed in a primarily managerial or executive capacity in the United States. **Exhibit F.**

33.     Contrary to the evidence provided in the RFE response, in the Decision dated January 26, 2021, USCIS stated that the letter and job description supporting Mr. Little's position at Fairmont Royal York included descriptions that were "vague"; that the Petitioner did not provide exact percentages for duties it characterized as "hands-on" duties "such as training, researching local restaurant competitors, visited [sic] local supplies to build relationships, make sure [sic] the food was cooked/plated and checked final food quality and presentation, supervising food preparation and presentation, overseeing standardization of recipes and menu plans";  and that there was no evidence that the subordinates were managers or professionals. **Exhibit F, page 4.**

34.     Contrary to the evidence provided in the RFE response relating to Mr. Little's position at the Fairmont Royal York, the Decision also stated the Petitioner did not provide "evidence that Mr. Little had the authority to hire to fire employees or evidence that the beneficiary has the authority to recommend the hiring and firing of employees along with the authority to conduct other personnel actions as [USCIS] requested in the Request for Evidence (RFE)."  **Exhibit F, page 4.**

35.     The RFE response included a letter from the Regional Director, Talent and Culture at Fairmont Royal York relating to Mr. Little's position there describing how he

managed his department and enclosed a job description with percentages assigned to each of his duties, which USCIS described as "hands on duties" in its Denial Decision.  **Exhibit F, page 4.**

36.     The RFE response included 12 Colleague Performance Reviews from the Fairmont Royal York, which were completed by Mr. Little for employees reporting directly to him, showing Mr. Little's oversight in personnel actions.  **Exhibit E, pages 41 - 109.**

37.     Pertaining to Mr. Little's managerial position at Fairmont Austin, contrary to the evidence provided in the RFE response, the Decision stated that the job descriptions for Mr. Little's position included duties it characterized as "hands-on duties" and were "generic" and "vague"; that the Petitioner "did not provide evidence that the beneficiary will have the authority of [sic] hire and fire employees or evidence the beneficiary will have the authority to recommend the hiring and firing of employees" in his position at Fairmont Austin, as [USCIS] requested in the RFE; and that the evidence was "insufficient in establishing the beneficiary qualifies as a manager. ."  **Exhibit F, page 7.**

38.     On or about January 27, 2021, Mr. Little learned of the denial of his L-1A extension petition on January 26, 2021 from the USCIS Case Status Online, though the Decision denying the L-1A extension petition had not yet been received by the Plaintiffs.   On Friday, January 29, 2021, Mr. Little sent an Application to Extend/Change Nonimmigrant Status (I-539) to USCIS requesting a change of status from L-1A to TD, based on the TN nonimmigrant classification of his wife, Gina Yhip.  Mr. Little's I-539 was delivered to the USCIS Dallas lockbox on Monday, February 1, 2021, and USCIS issued a Receipt Notice for the I-539 on March 23, 2021 (EAC-21-900-41201).

39.     While Mr. Little's application for change of status is pending and when the TD

status is ultimately granted to him, Mr. Little is unable to work in that immigration status and

provide for his family.

## STATEMENT OF CLAIMS

**IX.     COUNT ONE**
**(on behalf of Plaintiffs Accor Management US Inc.,**
**Accor Hotels & Resorts (Maryland) LLC, and Graeme Andrew Little)**
**Violation of the Administrative Procedure Act**
**5 U.S.C. §701, et seq. and**
**Violation of the Immigration and Nationality Act,**
**§101(a), et seq. and**
**Its Implementing Regulations**
**8 C.F.R. §214.2(l), et seq.**

40.     **The finding of the USCIS and Director of the USCIS Texas Service Center**

**that Plaintiff Accor Management US Inc. did not establish that the beneficiary was**

**employed abroad in a position that was managerial was arbitrary and capricious, an abuse**

**of discretion, and not in accordance with the law.**

41.     Plaintiffs re-allege and incorporate herein by reference, as if fully set forth herein,

all of the allegations set forth above.

42.     The Administrative Procedures Act (APA) empowers this Court to hold unlawful

and set aside any agency action that is "arbitrary, capricious, an abuse of discretion, or otherwise

not in accordance with law."  5 U.S.C. §706(2)(A).

43.     "The scope of review under the 'arbitrary and capricious' standard is narrow, and

a court is not to substitute its judgement for that of the agency.  Nevertheless, the agency must

examine the relevant data and articulate a satisfactory explanation for its action, including a

'rational connection between the facts found and the choice made.'" *Motor Vehicle Mfrs. Ass'n*

*of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43, 103 S.Ct. 2856, 77 Led. 2d 443

(1983).  However, the APA empowers courts to "strike down an agency action as arbitrary and capricious 'if the agency has relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or if the agency's decision is so implausible that it could not be ascribed to a difference in view or the product of agency expertise.'"  *Sierra Club v. United States Envtl. Prot. Agency*, 939 F.3d 649, 664 (5th Cir. 2019) (quoting *Motor Vehicle Mfrs.*, 463 U.S. at 43).

44.     USCIS' decision dated January 26, 2021 denying Plaintiff Accor's 2020 L-1A Extension Petition on behalf of Mr. Little failed to consider important aspects of the Petition and supporting documents and RFE response, offered explanations for its decision that ran counter to the evidence, lacked a rational explanation, was implausible, and was arbitrary, capricious, an abuse of discretion, and not in accordance with law.

45.     In denying Plaintiff Accor's 2020 L-1A Extension Petition, USCIS failed to consider and weigh the evidence in context and as a whole as required under agency precedent. *See Matter of  Z-A-, Inc.,* Adopted Decision 2016-02 at *4 (AAO April 14, 2016) (when determining whether a beneficiary's job duties will be primarily managerial, USCIS "must consider the "totality of the record and weigh all relevant factors").

**X.     COUNT TWO**
**(on behalf of Plaintiffs Accor Management US Inc.,**
**Accor Hotels & Resorts (Maryland) LLC, and Graeme Andrew Little)**
**Violation of the Administrative Procedure Act**
**5 U.S.C. §701, et seq. and**
**Violation of the Immigration and Nationality Act,**
**§101(a), et seq. and**
**Its Implementing Regulations**
**8 C.F.R. §214.2(l), et seq.**

46.     **The finding of the USCIS and Director of the USCIS Texas Service Center that Plaintiff Accor did not establish that the beneficiary was employed in a managerial position in the U.S. was arbitrary and capricious, an abuse of discretion, and not in accordance with the law.**

47.     Plaintiffs re-allege and incorporate herein by reference, as if fully set forth herein, all of the allegations set forth above.

48.     USCIS' decision dated January 26, 2021 denying **Plaintiff Accor's** 2020 L-1A Extension Petition failed to consider important aspects of the Petition and supporting documents and RFE response, offered explanations for its decision that ran counter to the evidence, lacked a rational explanation, was implausible, and was arbitrary, capricious, an abuse of discretion, and not in accordance with law.

49.     In denying **Plaintiff Accor's** 2020 L-1A Extension Petition, USCIS failed to consider and weigh the evidence in context and as a whole as required under agency precedent. *See Matter of   Z-A-, Inc.,* Adopted Decision 2016-02 at *4 (AAO April 14, 2016) (when determining whether a beneficiary's job duties will be primarily managerial, USCIS "must consider the totality of the record and weigh all relevant factors").

### XI.     COUNT THREE
#### (on behalf of all Plaintiffs)
#### Injunctive Relief for Irreparable Harm Caused by
#### Violation of the Administrative Procedure Act
#### 5 U.S.C. §705

50.     Plaintiffs re-allege and incorporate herein by reference, as if fully set forth herein, all of the allegations set forth above.

51.     Pursuant to 5 U.S.C. 705, to the extent necessary to prevent irreparable injury, this Court may issue all necessary and appropriate process to postpone the effective date of an agency action or to preserve the status or rights pending conclusion of the review proceedings.

52.     The denial of **Plaintiff Accor's** L-1A extension petition will cause irreparable harm to the Fairmont Austin hotel in that it is deprived of Mr. Little's services, and to Mr. Little who is deprived of an income.

53.     Postponing the effectiveness of the denial will not require any action on the part of the Defendants and will not cause any harm whatsoever to the Defendants.

54.     Plaintiffs are entitled to a temporary restraining order and preliminary injunction posting the effectiveness of the denials because Plaintiffs have shown they will likely succeed on the merits; they are likely to suffer irreparable harm in the absence of preliminary relief; the balance of the equities are in favor of Plaintiffs since the Defendants are not prejudiced in any way by granting the requested relief; and granting the relief is in accord with the public interest in enforcing the APA.  The purpose of preliminary injunctive relief is to preserve the status quo or prevent irreparable injury pending the resolution of the underlying claim.

## XII.    PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that this Court grant the following relief:

1.     Assume jurisdiction over this matter;

2.     Hold unlawful and set aside Defendants' decisions denying the I-129 petition filed by Accor Management US Inc. on behalf of Graeme Andrew Little;

3.     Enter an Order requiring Defendants to approve Plaintiff Accor Management US Inc.'s I-129 extension petition in favor of Mr. Little;

4.      Grant Plaintiffs' request for a temporary restraining order and Plaintiffs' request

for preliminary injunction postponing the effectiveness of USCIS' decisions and reinstating Mr.

Little's lawful nonimmigrant status retroactively as of the date the decisions were made,

thereby allowing Mr. Little to continue working for Accor Management US Inc. at the Fairmont

Austin hotel while the appeal is pending;

5.      Grant reasonable attorney's fees and costs as provided under the Equal Access to

Justice Act and the APA and as otherwise permitted by law; and

6.      Grant such further relief as the Court deems just and proper.

DATED this _____ day of _____, 2021.

**Attorneys for Plaintiffs Accor Management US Inc.,
Accor Hotels & Resorts (Maryland) LLC, and
Graeme Andrew Little**

*/s/Kevin R. Lashus (with permission)*

KEVIN R. LASHUS
FisherBroyles LLP
100 Congress Street Suite 2000
Austin, TX 78701
Telephone: 512-917-3770
Facsimile:  512-532-7730
Email: kevin.lashus@fisherbroyles.com


/s/Jerome G. Grzeca (with permission)
*Pro Hac Vice*, Wisconsin Bar # 1000601
Grzeca Law Group, S.C.
1434 West State Street
Milwaukee, Wisconsin 53233
Telephone:  (414) 342-3000
Facsimile:  (414) 342-3801
Email:  clients@grzecalaw.com